# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LANDRUM,<br><br>                  Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                  Defendant. | Case No. EDCV 12-02213-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On December 26, 2012, Michael Landrum ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on April 10, 2013. On June 28, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 54-year-old male who applied for Supplemental Security Income benefits on June 28, 2010. (AR 12.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 28, 2010, the application date. (AR 12.)

Plaintiff's claim was denied initially on November 4, 2010, and on reconsideration on March 8, 2011. (AR 12.) Plaintiff then sought review and on July 3, 2012, the matter proceeded to a hearing before Administrative Law Judge ("ALJ") James P. Nguyen in San Bernardino, California. (AR 12.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 12.) Vocational expert ("VE") David A. Rinehart also appeared and testified at the hearing. (AR 12.)

The ALJ issued an unfavorable decision on July 27, 2012. (AR 12-18.) The Appeals Council denied review on October 18, 2012. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the consultative examiner's findings.
2. Whether the ALJ provided a complete and proper assessment of Plaintiff's residual functional capacity ("RFC").
3. Whether there is a DOT inconsistency in the ALJ's holding that Plaintiff can perform the jobs of officer helper, library page, and information clerk.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine

whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 28, 2010, the application date. (AR 14.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: hypertension; and history of third and fourth degree burns on the right arm and torso, right back, and upper and mid back. (AR 14.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 14.)

The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

> . . . occasionally push and pull with the right upper extremity; frequently climb ramps and stairs, stoop, kneel, and crouch; never climb ladders, ropes, and scaffolds; occasionally crawl; occasionally perform overhead reaching with the right upper extremity; should avoid concentrated exposure to extreme heat and humidity; and unable to work with vibratory tools and around unprotected heights.

(AR 14-15.) In determining the RFC, the ALJ made an adverse credibility determination. (AR 15-17.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 17.) The ALJ, however, also found that, considering Claimant's age, education, lack of work experience and RFC, there are a significant number of jobs in the national economy that Plaintiff can perform, including officer helper, library page, and information clerk. (AR 17-18.)

Consequently, the ALJ determined that Claimant was not disabled within the meaning of the Social Security Act at any time from June 28, 2010, through the date of the ALJ's decision. (AR 18.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the consultative examiner's findings and the ALJ's RFC is supported by substantial evidence or any error in either determination was harmless. There is no inconsistency between the jobs identified by the VE and the Dictionary of Occupational Titles ("DOT"), and thus the ALJ's fifth step finding that Plaintiff can perform jobs in the national economy is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**I. THE ALJ PROPERLY CONSIDERED THE FINDINGS OF THE CONSULTING EXAMINER, DR. NEERA GUPTA**

Plaintiff contends that Dr. Gupta assessed a limitation of occasional reaching in all directions with the right upper extremity that would exclude all of the jobs identified by the VE. The Court disagrees.

**A. Relevant Federal Law**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an

6

1 uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing
2 reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's
3 opinion is contradicted by another physician's opinion, an ALJ must provide specific and
4 legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot
5 by itself constitute substantial evidence that justifies the rejection of the opinion of either an
6 examining physician or a treating physician"; such an opinion may serve as substantial
7 evidence only when it is consistent with and supported by other independent evidence in the
8 record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    Analysis**

In a complete internal medicine evaluation dated October 23, 2010, Dr. Neera Gupta considered Plaintiff's complaints of hypertension and of significant third and fourth degree burns on his right arm and torso. (AR 14, 114.) Because of his burns, Claimant has difficulty lifting and carrying heavy objects with the right arm. (AR 115, 119.) Dr. Gupta found limitations in Plaintiff's right shoulder range of motion, but normal range of motion on the left. (AR 117-118.)

Dr. Gupta assessed a light work RFC with limitations that include: "There are no push and pull limitations in any of the claimant's extremities, except for the right upper extremity, which has limitations." (AR 119.) Dr. Gupta also prescribed manipulative limitations that include "reaching to occasionally on the right, as well as handling, grasping, fingering and typing frequently on the right; no limitation on the left." (AR 120 (emphasis added).)

The ALJ gave "great weight" to the opinions of Dr. Gupta and State reviewing physician Dr. A. Lizarraras. (AR 16.) Noting that Dr. Gupta's right upper extremity push/pull limitations were not specific (AR 133), Dr. Lizarraras assessed a limitation to occasional pushing/pulling with the right upper extremity. (AR 127.) Dr. Lizarraras also specified a manipulative limitation to occasional overhead reaching with the right upper extremity. (AR 128) (emphasis added).)

The ALJ obviously obtained his RFC from Dr. Lizarraras. Plaintiff claims that the ALJ improperly rejected Dr. Gupta's limitation to occasional reaching "on the right" in favor of non-examining physician Dr. Lizarraras' less restrictive assessment of occasional overhead

reaching with the right upper extremity. The Commissioner argues that the ALJ accepted Dr. Gupta's opinion as there is nothing in the decision that suggests that the ALJ rejected it.

There is no way to resolve this dispute definitively. Plaintiff overstates Dr. Gupta's limitation, turning a limitation to occasional reaching "on the right" into a limitation to occasional reaching "in all directions" with the right upper extremity. Dr Gupta's RFC assessment is vague and ambiguous. Dr. Gupta, for example, failed to give specific push/pull limitations for Claimant's right upper extremity (AR 119, 133), prompting Dr. Lizarraras to provide an occasional limitation. (AR 127.) His interpretation of the record was reasonable and based on Dr. Gupta's opinion, and thus constitutes substantial evidence. Thomas, 278 F.3d at 958-59 (opinions of non-examining physician are substantial evidence when consistent with independent clinical findings or other evidence of record). Plaintiff does not challenge this opinion of Dr. Lizarraras.

The Commissioner contends that the ALJ adopted Dr. Gupta's limitation of occasional reaching on the right but that specification does not seem consistent with Dr. Lizarraras' less restrictive limitation of only occasional overhead reaching with the right upper extremity. To the extent it differs, the ALJ and Commissioner would have to identify other independent evidence of record for Dr. Lizarraras' opinion to constitute substantial evidence. Id. Neither the ALJ nor the Commissioner, however, specifies any other medical evidence to support Dr. Lizarraras' limitation. Perhaps the ALJ's acceptance of Dr. Lizarraras' limitation can be justified on the basis of the ALJ's adverse credibility determination but neither the ALJ nor the Commissioner tie the two findings together and the Commissioner's contention that the ALJ adopted Dr. Gupta's opinion is inconsistent with that view of the evidence.

Ultimately, Dr. Gupta's opinion is too vague and ambiguous to support either side's position and ordinarily the matter would be remanded for clarification by Dr. Gupta and further development of the record. Ambiguous evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). The Commissioner, however, observes that Dr. Gupta's opinion, even with a limitation to occasional reaching in all directions with the right upper extremity, would make no

difference to the outcome. Both Dr. Gupta and the Commissioner agree that Plaintiff can perform light work with limitations and is not disabled. The Commissioner also argues that the jobs identified by the VE do not require more than occasional reaching in all directions. Thus, any error if there was one is harmless. Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when inconsequential to the ultimate non-disability determination). The Court agrees with this contention which is addressed below.

## II.     THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that the ALJ's RFC is not supported by substantial evidence because it does not include Dr. Gupta's limitations to occasional reaching on the right and to "frequent handling, grasping, fingering, and typing on the right." There is no dispute that the ALJ's RFC does not include the exact wording of Dr. Gupta's limitations as to reaching or any limitation for handling, grasping, fingering and typing. The Commissioner once again treats these omissions as harmless error as the jobs identified by the VE do not require functional capacity inconsistent with these limitations. The Court agrees with this contention which is discussed below.

## III.    THE VE'S TESTIMONY IS CONSISTENT WITH THE DOT

The ALJ, based on VE testimony, found at step five of the sequential process that Plaintiff could perform jobs that exist in substantial numbers in the national economy, such as office helper, library page, and information clerk. (AR 17-18.) The ALJ's hypothetical question to the VE included the limitation that a person similar to Plaintiff can "occasionally push and pull with the right upper extremity," and can "occasionally perform overhead reaching with the right with upper extremity." (AR 173-174.) The VE stated that his testimony was consistent with the DOT. (AR 18, 175.)

Plaintiff contends that he cannot perform any of the jobs identified by the VE because all of these jobs require frequent reaching in all directions with both upper extremities. DOT 239.567-010 (office worker), DOT 249-687-014 (library page), and DOT 237.367-018 (information clerk) all specify frequent reaching. Plaintiff's contention, however, fails for two reasons. First, nothing in these DOT job descriptions suggests that any of the identified jobs require frequent reaching with both arms. Case authority establishes that the DOT does not

require use of both arms. Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000) (DOT does not contain a requirement of bilateral fingering and handling); Diehl v. Barnhart, 357 F. Supp. 2d 804, 822 (E.D. Pa. 2005) (person with limited use of one arm could perform jobs requiring frequent reaching, handling and fingering and thus no conflict between DOT and VE testimony); Palomares v. Astrue, 887 F. Supp. 2d 906, 920 (N.D. Cal. 2012) (DOT does not explicitly require reaching with both arms); Salcido v. Astrue, 2012 WL 2160346*4 (C.D. Cal.) (DOT job descriptions do not include a requirement for using both arms to reach); Feibusch v. Astrue, 2008 WL 583554*5 (D. Haw. 2008) (use of two arms not necessarily required for jobs that require reaching and handling).

Second, the record is clear that Plaintiff has no limitation with his left arm. Dr. Gupta specifically found that Plaintiff had no limitations on the left side. (AR 119-120.) Dr. Lizarraras also assessed no limitations on the left side. (AR 126-131.) At the hearing, Plaintiff and his counsel spoke only of a right arm impairment. (AR 160, 165-166.) There is no medical evidence nor even any claim that Plaintiff is limited on the left side or not capable of frequent reaching on the left side.

Plaintiff also faults the ALJ for not including Dr. Gupta's limitation to frequent handling, grasping, fingering, and typing on the right. According to the DOT, however, none of the identified jobs require more than frequent performance of these activities. Thus, any error in omitting this limitation is harmless.

Plaintiff further contends that the limitation not to work around unprotected heights would eliminate the library page job. The DOT, however, specifically states there is no climbing or high exposed places required for this job. See DOT 249.687-014 which provides, "High Exposed Places: Not Present - activity or condition does not exist." Even if Plaintiff could not perform the library page job, Plaintiff could perform the jobs of office helper and information clerk which exist in numbers substantial enough to satisfy the ALJ's fifth step finding. Thus, any error would be harmless. See Carmickle v. Comm'r of Soc. Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008).

Thus, there is no inconsistency between the VE's testimony and the DOT. The ALJ's step five decision that Plaintiff can perform jobs that exist in substantial numbers in the national economy is supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence or any error derived from omitting limitations Dr. Gupta arguably would have imposed is harmless. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: July 23, 2013

　　　　　　　　　　　　　　　　　*/s/ John E. McDermott*
　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE